UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|                                                      |   |                            |
|------------------------------------------------------|---|----------------------------|
| Kathy Kelsey,                                        | § |                            |
|                                                      | § |                            |
|                                                      | § |                            |
| *Plaintiff,*                                         | § |                            |
|                                                      | § | Case No. 4:22-cv-02551     |
| v.                                                   | § |                            |
|                                                      | § |                            |
| Martin O'Malley,                                     | § |                            |
| Commissioner of Social Security                      | § |                            |
| Administration,[1]                                   | § |                            |
|                                                      | § |                            |
| *Defendant.*                                         | § |                            |

## MEMORANDUM AND RECOMMENDATION TO AWARD ATTORNEY'S FEES

Before the Court is Plaintiff Kathy Kelsey's motion requesting attorney's fees incurred in her successful challenge to an adverse ruling from the Social Security Administration. Dkt. 19. It is recommended that Plaintiff's motion be granted.

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorney's fees if she prevails on appeal from a decision by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish that: (1) she is the prevailing party; (2)

---

[1] As noted in Defendant's response, Martin O'Malley became the Commissioner of Social Security on December 20, 2023. *See* Dkt. 20 at 1 n.1. The Court therefore grants the Commissioner's request to substitute him for Kilolo Kijakazi as the defendant. *See* Fed. R. Civ. P. 25(d).

she timely filed a fee application; (3) the Government's position was not substantially justified; and (4) no special circumstances exist that would make a fee award unjust. *Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing *Mesecher v. Berryhill*, 2017 WL 4417682, at *1 (N.D. Tex. Oct. 3, 2017) and 28 U.S.C. § 2412(d)(1)), *adopted by* 2021 WL 2188200 (S.D. Tex. May 28, 2021).

The course of proceedings shows both that Kelsey is the prevailing party and that the agency's position was not substantially justified. *See* Dkt. 15 (adopting recommendation to vacate the agency's decision and remand for further proceedings, Dkt. 14); *Shalala v. Schaefer*, 509 U.S. 292, 294, 301-02 (1993) (reversal and remand to the agency pursuant to 42 U.S.C. § 405(g) confers plaintiff with prevailing party status).

Kelsey also timely filed her motion for attorney's fees within thirty days of when the district court's judgment became final.[2]   *See* 28 U.S.C. § 2412(d)(1)(B) (30-day deadline from "final judgment in the action"); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (60-day deadline for notice of appeal when a federal agency or officer is a party); Dkt. 16 (final judgment entered

---

[2] Kelsey also sought and obtained an extension of time to file any separate application for attorney's fees under 42 U.S.C. § 406(b). *See* Dkt. 17, 18.

October 31, 2023); Dkt. 19 (January 29, 2024 motion for fees).   No special circumstances make a fee award unjust.

The Commissioner of Social Security agrees that Kelsey is a prevailing party entitled to recover her attorney's fees.  Dkt. 20 at 2.  The Commissioner also agrees that the number of hours expended and the requested hourly rates are reasonable.  *See id.*

Nevertheless, the Court has an obligation to conduct an independent review of the fee application.  Based on that review, the undersigned concludes that the number of attorney hours for which Kelsey seeks compensation (36.25 hours) is reasonable and necessary, but her requested hourly rates ($230.05 for 2022 and $241.91 for 2023) are slightly too high.  *See* Dkt. 19 at 3-6.

For the number of attorney hours expended, "courts typically award between 30 and 40 hours of work for Social Security Appeals." *Reese*, 2021 WL 2188686, at *2; *accord Mesecher*, 2017 WL 4417682, at *2 (collecting cases for the same observation).   The number of hours for which Kelsey seeks compensation—36.25, *see* Dkt. 19-6 (PX-E)—falls within this range and is reasonable.

As for the hourly rate, Kelsey has shown that an increase of the standard hourly rate of $125.00 is warranted, although not quite as much as she requests.  Upward adjustments in the EAJA rate, which was last amended in 1996, are appropriate to account for increased cost of living or other special

factors.  28 U.S.C. § 2412(d)(2)(A) (authorizing courts to exceed $125/hour if "an increase in the cost of living or special factor ... justifies a higher fee"); *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).  Courts routinely use the Consumer Price Index ("CPI") compiled by the U.S. Bureau of Labor Statistics to adjust the hourly rate.  *See Deborah S. v. Comm'r of Soc. Sec.*, 2022 WL 393834, at *2 (S.D. Tex. Feb. 9, 2022) (applying CPI to determine appropriate hourly rate); *Reese*, 2021 WL 2188686, at *2 (same).  The appropriate CPI is the one for the Houston-Woodlands-Sugar Land, Texas area—where this case was filed—rather than the CPI for Dallas-Fort Worth-Arlington, on which Kelsey relies.  *Compare Brian K.L. v. Comm'r of Soc. Sec.*, 2022 WL 2704851, at *3 n.7 (S.D. Tex. July 12, 2022) (finding it "most appropriate to use data specific to the Houston area, where this Court is located"), *and Mesecher*, 2017 WL 4417682, at *2 (using CPI of "the area in which the court is located" to ensure uniformity in fee rates within that district), *with* Dkt. 19 at 5-6 & nn.21-22, *and* Dkt 19-3 (PX-B) (invoking CPI for Dallas-Fort Worth-Arlington).

In 1996, the annual CPI for the Houston-Woodlands-Sugar Land, Texas area was 142.70.[3]  That CPI increased to 258.660 for 2022 and 267.607 for 2023.  Applying those figures results in the following adjusted hourly rates:

---

[3] CPI data for the Houston-The Woodlands-Sugarland, Texas area is available at https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited Feb. 14, 2024).

- for 2022, the percentage increase was 81.26% (*i.e.*, (258.660-142.70)/142.70), making the adjusted hourly rate $226.58 (1.8126 x $125); and

- for 2023, the percentage increase was 87.53% (*i.e.*, (267.607-142.70)/142.70), making the adjusted hourly rate $234.41 (1.8753 x $125).

- for 2024, there is no published rate as of this date.  Because Kelsey's attorney hours were expended in January of 2024, the Court will apply the same adjusted hourly rate of $234.41 as 2023.

*Cf. Deborah S.*, 2022 WL 393834, at *3 (applying same formula to conclude that 2021 CPI-adjusted rate for same area is $209.33).

The Court applies the foregoing adjusted hourly rates for this region to the attorney hours expended.  For 2022, Kelsey's counsel worked 2.95 hours, which, at an adjusted hourly rate of $226.58, results in a total fee of $668.41. *See* Dkt. 19-7 at 2 (PX-F).  In 2023 and 2024, Kelsey's counsel expended a combined total of 33.30 hours, which at $234.41 an hour, equals $7,805.85 in fees. *See id.* at 2-4.

Together, these amounts total $8,474.26.  The Court therefore should grant Kelsey's fee application and award her $8,474.26 in reasonable and necessary attorney's fees.

## ORDER AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 25(d), it is **ORDERED** that Martin O'Malley is substituted for Kilolo Kijakazi as the Defendant in this case.

It is further **RECOMMENDED** that Plaintiff Kathy Kelsey's motion for

attorney's fees (Dkt. 19) be **GRANTED**, and that Defendant be ordered to pay

Kelsey $8,474.26 in attorney's fees.

Signed on February 14, 2024, at Houston, Texas.

_____

Yvonne Y. Ho
United States Magistrate Judge